IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WAGSTAFF & CARTMELL, L.L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| RONALD J. BEEMILLER, II, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Wagstaff & Cartmell, L.L.P., pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332, for its Complaint for Declaratory Judgment against Ronald J. Beemiller, II, states and alleges as follows:

### Parties

1. Plaintiff Wagstaff & Cartmell, L.L.P. is a Missouri limited liability partnership that is engaged in the practice of law, that is active and in good standing, with its principal place of business at 4740 Grand Ave., Ste. 300, Kansas City, Missouri 64113.

2. Defendant Ronald J. Beemiller, II, is an individual over the age of 21 and, upon information and belief, is a resident and citizen of the State of Florida.

### Jurisdiction and Venue

3. This is an action for declaratory judgment regarding a claim by Defendant that Plaintiff was obligated to pursue certain legal theories and claims in the underlying litigation described below.

4. Defendant claims he has been damaged by Plaintiff's conduct in excess of $75,000.00.

1

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 2201, as Plaintiff is seeking a declaration and determination of Plaintiff's obligations, if any, and Defendant's rights, if any, under the parties' written agreements.

6. This Court also has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as the amount in controversy in this matter is in excess of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties in that no partner of Plaintiff is a resident of Defendant's domicile state.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, he may be served with process within the Court's jurisdiction and, upon information and belief, Defendant is subject to personal jurisdiction in the forum state under that state's long-arm statute in that: Defendant transacted business within the forum state for purposes of the issues set forth below; Defendant entered into agreements within the forum state, and such agreements are at issue in this declaratory judgment action.

8. This Court also has jurisdiction over this matter because the dispute concerns conduct of Plaintiff within the jurisdictional boundaries of the Court, and the scope of written agreements executed within this District.

9. Venue is properly within this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated herein occurred in this District.

**Factual Allegations With Respect To All Counts**

10. In 2016, American Warrior, Inc., a Kansas corporation, filed suit against Defendant in the District Court of Sedgewick County, Kansas (case no. 16cv1009) alleging breach of a promissory note by Defendant, and seeking five million dollars in damages (the "AWI Case").

11. Also in 2016, Cecil O'Brate, a Kansas resident, filed suit against Defendant in the District Court of Sedgewick County, Kansas (16cv00997) alleging several claims and seeking more

than fourteen million dollars in damages (the "O'Brate Case").

12. The AWI and O'Brate Cases were fallout from the collapse of WB Services, LLC, a Kansas limited liability company in which both Defendant and Cecil O'Brate were shareholders.

13. WB Services, LLC filed for Chapter Seven liquidation bankruptcy in April, 2016.

14. In 2017, Defendant hired Plaintiff to represent him in the AWI and O'Brate Cases.

15. On September 5, 2017, Plaintiff sent Defendant an engagement letter that outlined the specific and limited scope of Plaintiff's representation of Defendant (the "September Engagement Letter").

16. On October 13, 2017, Plaintiff sent Defendant another engagement letter that again outlined the limited scope of Plaintiff's representation of Defendant (the "October Engagement Letter").

17. The October Engagement Letter directed Defendant to sign and return the letter if he accepted the terms.

18. On October 15, 2017, Defendant accepted, signed and returned the October Engagement Letter.

19. Plaintiff represented Defendant in the AWI and O'Brate Cases until those cases were voluntarily dismissed with prejudice in 2020, and a substantial portion of the work performed by Plaintiff in that regard was done in the State of Missouri.

20. A dispute has now arisen between Defendant and Plaintiff regarding the scope and terms of the September and October Engagement Letters.

21. Specifically, a dispute has arisen whereby Defendant has claimed Plaintiff negligently failed to provide legal counsel to Defendant on specific issues related to the bankruptcy of WB Services, LLC, and that such negligence has caused Defendant substantial damages.

22. Plaintiff has denied such claims and denied that the issues raised by Defendant were

3

Case 4:22-cv-00461-BP   Document 1   Filed 07/20/22   Page 3 of 5

within the scope of the September and October Engagement Letters.

23. Accordingly, the dispute between Plaintiff and Defendant turns on the proper interpretation of the September and October Engagement Letters, and the scope of Plaintiff's representation pursuant to those agreements.

## Count I – Request for Declaratory Judgment

24. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set out herein.

25. An actual controversy exists with respect to the rights and legal relations of the parties as to the issues raised in this Complaint, and therefore this Court has jurisdiction under 28 U.S.C. § 2201(a) to declare the rights and other legal relations of the parties with respect to:

   a. Whether the September and October Engagement Letters define the scope of Plaintiff's legal representation of Defendant and the duties flowing from that representation;

   b. Whether the legal issues and claims raised by Defendant regarding the WB Services, LLC bankruptcy were within the scope of the September Engagement Letter;

   c. Whether the legal issues and claims raised by Defendant regarding the WB Services, LLC bankruptcy were within the scope of the October Engagement Letter.

26. Plaintiff has sustained damages as a result of Defendant's demand for payment, including attorneys' fees and expenses, which are continuing to accrue.

27. Plaintiff reserves the right to amend this Count to plead additional and more specific declarations sought after the opportunity for discovery.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. A judgment declaring that the September and October Engagement Letters define the scope of Plaintiff's legal representation of Defendant and the duties flowing from that representation;

b.  A judgment declaring that the legal issues and claims raised by Defendant regarding the WB Services, LLC bankruptcy were not within the scope of the September Engagement Letter;

c.  A judgment declaring that the legal issues and claims raised by Defendant regarding the WB Services, LLC bankruptcy were not within the scope of the October Engagement Letter.

d.  For an award to Plaintiff for the costs of this action; and

e.  For such other legal or equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all matters so triable.

Date: July 20, 2022

Respectfully submitted,

*/s/ Joseph A. Kronawitter*
Timothy M. Aylward     MO Bar #30274
Joseph A. Kronawitter     MO Bar #49280
HORN AYLWARD & BANDY, LLC
2600 Grand, Ste. 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
taylward@hab-law.com
jkronawitter@hab-law.com

ATTORNEYS FOR PLAINTIFF